SALVADOR MARRERO, Petitioner and Appellant, v. ERNESTO· MELÉNDEZ, WARDEN OF THE DISTRICT JAIL OF AGUADILLA,. Respondent; and PEOPLE OF PUERTO RICO, Respondent, and Appellee.

No. 4374.   Argued May 20, 1931.—Decided May 26, 1931.

*García Méndez & García Méndez* for appellant.   *R. A. Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Salvador Marrero applied to the District Judge of Aguadilla for a writ of habeas corpus, which was issued;. and upon an examination of the cause of his detention the judge found in favor of its legality. Thereupon Marrero took an appeal to this Court, where he has argued his case both orally and by brief.

It is alleged in the application for the writ that Marrero is detained in the custody of the warden of the District Jail of Aguadilla under a warrant of arrest issued by the district attorney in which he is charged with the crime of murder in the first degree, "a charge also appearing from the information filed," which is transcribed in the application and in its pertinent part reads as follows:

"Said defendant, Salvador Marrero Marrero . . . . on or about March 23, 1930, in the ward of Pezuelas, in the municipal district of Lares . . . . feloniously, showing an abandoned and malignant heart, with malice aforethought, deliberation, and a firm and settled purpose of unlawfully killing a human being, Juana Sánchez, known as Juana Martínez, did assault and attack her with a revolver, a deadly weapon, firing several shots at her with said weapon and inflicting on her two bullet wounds . . . . and as a direct result of the first bullet wound the said Juana Sánchez, known as Juana Martínez, died on the 5th of April, 1930."

The petitioner alleged that his imprisonment was illegal on the following grounds:

"A.—Because the petitioner being charged on the face of the information and the warrant with murder in the first degree, it appears that the district attorney has no evidence to prove that he has committed such crime; and because even granting that the district attorney is in possession of any evidence against the petitioner, as the result of the facts set forth in the above information, such evidence might show prima facie the crime of voluntary or involuntary manslaughter but never murder in the first degree.

"B.—Because the district attorney has no evidence to show that the petitioner has committed the crime of murder in the first degree with which he is charged or of manslaughter, or any public offense."

We have already stated that the writ issued. At the hearing the district attorney introduced part of his evidence. The district court, in its decision, carefully analyzes the petition, the evidence, and the applicable substantive law and concludes as follows:

"So that from the language of the statute and in the light of the jurisprudence we must hold, in view of the evidence introduced

by the prosecuting attorney, that in this case the necessary generic elements required by law for the existence of murder in the first degree are present, and hence the characterization of the offense made by the district attorney in the exercise of his lawful powers is correct; and the application for a writ of habeas corpus filed by the petitioner must be, as it is hereby, denied, cancelling the bond furnished by him for his enlargement pending a decision in this case.

"It is, therefore, ordered that the petitioner be taken into custody, and bail is set at $10,000 for his enlargement during the prosecution and decision of the cause by virtue of which he was held in custody when the present application was filed."

Upon an examination of the evidence introduced by the district attorney, we find that the same is sufficient to show that the petitioner fired the shot that killed Juana Martínez. This in itself is sufficient justification for the conclusion that the petitioner was not committed "on a crime charged without reasonable or probable cause" (subdivision 7, section 483 of the Code of Criminal Procedure), in the absence of any question raised as to the release on bail or as to an excessive bond. It is not necessary to consider within the present habeas corpus proceeding whether the evidence shows a real case of murder or whether it only reveals the commission of manslaughter, as claimed by the appellant.

In *Ex parte Timothy*, 162 Cal. 241, the Supreme Court of California expressed itself as follows: .

"Petitioner applies for a writ of *habeas corpus* and seeks his discharge thereunder upon the ground that he has been committed on a criminal charge without reasonable or probable cause. (Pen. Code, sec. 1487, subd. 7.) The crime charged is murder and the evidence discloses that petitioner fired the shot that killed one J. J. Moore. If our examination of the evidence convinced us that the petitioner had been held to answer without reasonable or probable cause, a full discussion of that evidence would become pertinent and proper, but where, as here, the result of that examination has been to convince us that the respondent is not held without reasonable cause, such a discussion can serve no useful purpose, and might work injury."

The order appealed from must be affirmed.